**David TREVINO, Appellant,**

v.

**HOUSTON ORTHOPEDIC CENTER, et al., Appellee.**

**No. B14–90–01103–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 12, 1992.

Rehearing Denied July 16, 1992.

John W. Donovan, Houston, for appellant.

Steve Gonzalez, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from an order dismissing appellant's medical malpractice suit. The order is affirmed.

Appellant sued appellees Houston Orthopedic Center and Thomas S. Padgett, M.D., and also John J. Debender, M.D., in November 1983, alleging negligence in the treatment of appellant's broken left leg.

Appellant injured the leg in September 1979, at age 16, during football practice.

On October 9, 1984, Dr. Debender filed a motion for summary judgment and a hearing was set for February 4, 1985. Appellant's counsel filed a Motion for Continuance on January 28, stating that she had been unable to take Dr. Debender's deposition due to her involvement in numerous other cases and requesting the hearing to be reset to April 1. This was the first of three continuances that appellant's counsel requested and obtained before she filed a response to the summary judgment motion on February 20, 1986.

On October 23, 1986, Dr. Debender filed a new Motion for Summary Judgment along with Dr. Padgett with a hearing set for November 17. Appellant still had not taken Dr. Debender's deposition at the time this motion was filed.

Appellant responded to this motion on November 14. He also filed two Motions for Continuance and a Motion for Protective Order. As reasons for requesting the continuance, he alleged a failure to cooperate on the part of appellees' counsel, the inability to get in touch with appellant's expert, and the "extremely traumatic divorce proceeding" in which appellant's lead counsel was involved at the time. In the Motion for Protective Order, she requested the court to set a date for the depositions to be taken and to postpone the summary judgment hearing until thirty days after such date.

At the summary judgment hearing on November 21, the attorneys for the parties entered into an agreement which provided as follows:

### Agreed Order

On the 21st day of November, 1986, all parties agreed and stipulated as follows:
. (1) That Defendants Debender and Padgett agree to postpone their summary judgment hearing;
(2) That Defendants Debender and Padgett will provide one date for Plaintiff to take their oral deposition within 60 days from this date. Plaintiffs failure to take the depositions of Defendants will be no grounds for postponement of agreed dismissal;
(3) That failure of Plaintiffs to file an affidavit, properly sworn to and in compliance with the Texas Rules of Civil Procedure, establishing standard of care, a breach of that standard of care, and that Defendant's breach proximately caused damages to Plaintiff, by a competent medical doctor, will result in automatic agreed dismissal of Plaintiff's case, without exception, on February 21, 1987.

The order was in writing, signed by counsel for both parties and by the judge, and filed with the court's papers as part of the record.

On March 5, 1987, appellees filed a Motion to Enter Order of Dismissal pursuant to the agreed order. Appellant filed a response to this motion on April 8. The court's docket sheet reflects that a hearing was held on this motion. After taking the matter under advisement, the court decided on its own motion to rule on appellees' Motion for Summary Judgment rather than to enter an order of dismissal. On May 4, summary judgment was granted.

Subsequent to the granting of the summary judgment to Dr. Debender and Dr. Padgett, Houston Orthopedic Center filed its own motion for summary judgment. The court granted it on May 27, 1988.

Appellant appealed only the judgments granted to Dr. Padgett and Houston Orthopedic Center. By order and opinion of November 16, 1989, this court reversed and remanded the case for a trial on the merits, holding that Dr. Padgett's affidavit was insufficient as a matter of law to entitle appellees to summary judgment. *Trevino v. Houston Orthopedic Center*, 782 S.W.2d 515 (Tex.App.—Houston [14th Dist.] 1989, no writ).

On August 19, 1990, appellee filed a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." Appellees' request for dismissal was based on the agreed order of November 21, 1986. The request for summary judgment in the alternative was based on an amended affidavit

from Dr. Padgett. Appellant filed a response to this motion on August 31, attaching the controverting affidavit of Dr. Elihu Friedman to the response.

After a hearing on September 7, the court announced that it was granting the motion to dismiss based on the November 21, 1986 agreed order. On October 12, the court denied appellant's Motion for Rehearing and signed the Order of Dismissal.

■ In three points of error, appellant contends that the trial court abused its discretion in granting appellees' Motion to Dismiss based on the agreed order. The decision to dismiss a cause of action is a matter ordinarily within the sound discretion of the trial court. *Paul Stanley Leasing Corp. v. Hoffman*, 651 S.W.2d 440, 442 (Tex.App.—Dallas 1983, no writ); *Stein v. Lewisville Independent School District*, 496 S.W.2d 737, 739 (Tex.App.—Fort Worth 1973, mand. overr.). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or, in other words, acted in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). A different situation is presented here, however, because the decision to dismiss appellant's cause of action was not made pursuant to the court's discretion, but rather in accordance with an order agreed to by the parties and the court. The question, then, concerns the authority of the trial court to act pursuant to the consent of the parties.

In *Abramson v. Abramson*, 788 S.W.2d 860, 862–63 (Tex.App.—Houston [14th Dist.] 1990, writ denied), this court recognized three basic sources of judicial authority. First, there is a "pure judicial power" inherent in article V of the Texas Constitution, which states in relevant part:

> The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.

TEX. CONST. art. V, § 1, cl. 1. This authority is not affected by statutory directive or the consent of the parties. A challenge to a decision of the court taken on this basis need show only that the court exceeded its judicial power. *Abramson*, 788 S.W.2d at 862; *See* TEX. CONST. art. II, § 1 (mandating separation of powers).

The second source of judicial authority has the inherent power of article V as its starting point, but is subject to modification by legislative enactments. *Abramson*, 788 S.W.2d at 863. Article V, § 1, cl. 2, states:

> The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto.

This power is also unaffected by the consent of the parties. A challenge to the court's action taken on this basis must establish either a failure to comply with the statute relied on or preemption of the court's power by virtue of the statutory scheme. *Abramson*, 788 S.W.2d at 863.

The third source of judicial authority is defined in *Abramson* as follows:

> Finally, a court may act pursuant to consent of the litigants. Here the judge exercises whatever decisional authority the parties confer, such power exists in addition to that supplied by article V, and as modified by statute. Thus, attorneys could make a rule 11 agreement permitting the judge to take actions that would not be sustainable on the basis of inherent or statutorily granted powers. If a challenge to this kind of an exercise is to succeed, it can only be because the exercise was in *violation* of a statute or *altogether beyond* the limits of the judicial power. The clearest example of such a case would be an attempt to confer subject matter jurisdiction by agreement.

*Abramson*, 788 S.W.2d at 863 (emphasis in original). The instant case falls into this third category.

Rule 11 of the Texas Rules of Civil Procedure states in its entirety as follows:

Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

TEX.R.CIV.P. 11 (Vernon Supp.1991). Here, the agreed order satisfied all the requirements of Rule 11. It was in writing, signed by the attorneys for both parties and by the judge, and filed with the court's papers as part of the record. Once the requisites of Rule 11 have been met, the court has the ministerial duty to render judgment in strict accordance with the parties' agreement. *Guynn v. Corpus Christi Bank & Trust*, 580 S.W.2d 902, 906 (Tex.Civ.App.—Corpus Christi 1979, no writ). "The powers of the judge, exercised by virtue of agreement of the parties, extend ... to entering only such judgment as was a literal compliance with the agreement." *Wyss v. Bookman*, 235 S.W. 567, 569 (Tex.Com.App.1921, jdgmt. adopted; holding approved).

Appellant's contention that the trial court abused its discretion in granting a dismissal pursuant to the agreement is misplaced because the judge had no discretion to do otherwise. To quote again from *Abramson*, "if a challenge to this kind of an exercise is to succeed, it can only be because the exercise was in violation of a statute or altogether beyond the limits of the judicial power." *Abramson*, 788 S.W.2d at 863. Appellant does not argue that the agreed order asked the trial court to take action in violation of a statute. Nor does he argue that the trial court's action was in violation of Rule 11, which the Texas Supreme Court has held to have the same force and effect as a statute. *Missouri Pac. R.R. v. Cross*, 501 S.W.2d 868, 872 (Tex.1973); *See HBA East. Ltd. v. JEA Boxing Co., Inc.*, 796 S.W.2d 534, 538 (Tex. App.—Houston [1st Dist.] 1990, writ denied). Further, appellant does not contend, nor does it appear to this court, that the granting of dismissal pursuant to the agreement was altogether beyond the limits of the trial court's judicial power. Accordingly, appellant's challenge must fail.

Had appellant revoked his consent prior to the rendition of judgment on September 7, 1990, the trial court could not have rendered judgment pursuant to the agreement. Consent must exist at the time judgment is rendered in accordance with such agreement. *Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex.1984); *Buffalo Bag Co. v. Joachim*, 704 S.W.2d 482, 483 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Appellant does not assert lack of consent. He does assert under his first two points of error that there is no evidence that appellees complied with the portion of the agreement stating that they would provide a specific date for appellant to take the depositions of Dr. Debender and Dr. Padgett. The burden is on appellant to show that the trial court's judgment is erroneous. *Englander v. Kennedy*, 428 S.W.2d 806 (Tex.1968). When there are no findings of fact and conclusions of law included in the record on appeal, an appellate court must presume that all facts necessary to support the trial court's order have been found. *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 187 S.W.2d 363, 365 (1945); *Ette v. Arlington Bank of Commerce*, 764 S.W.2d 594, 595 (Tex. App.—Fort Worth 1989, no writ). There is nothing in the record, apart from appellant's assertions in his brief, to suggest that appellees failed to comply with the agreement. Thus, the presumption is that the trial court found compliance before granting the dismissal. Appellant's estoppel and "election of remedies" arguments are without merit for the same reason. He asserts that "appellees' failure to live up to [their] end of the bargain ... estops [them] from [their] perceived right to have the case dismissed." The presumption is that the trial court found appellees to have complied with the agreement. Appellant has not shown otherwise. Furthermore, even if the defenses of estoppel and election of remedies are applicable in the present situation, they were not raised in appellant's pleadings. Estoppel and election of remedies must be affirmatively plead in order

for appellant to rely on them on appeal. TEX.R.CIV.P. 94; *See, e.g., CKB & Assoc. v. Moore McCormack Petro.,* 809 S.W.2d 577, 584 (Tex.App.—Dallas 1991, writ denied); *Allstate Ins. Co. v. Perez,* 783 S.W.2d 779, 782 (Tex.App.—Corpus Christi 1990, no writ); *Davis v. Houston Independent School Dist.,* 654 S.W.2d 818, 820 (Tex. App.—Houston [14th Dist.] 1983, no writ). Appellant's argument that the agreement was not specific as to the date by which he had to file a controverting affidavit is likewise without merit, since the parties obviously contemplated that this requirement be complied with on or before February 21, 1987. Appellant's first and second points of error are overruled.

 In his third point of error, appellant contends that the trial court abused its discretion in failing to grant a motion for rehearing and to set aside the order of dismissal. He claims that the dismissal of the lawsuit on the basis of an agreement which was signed four years earlier is a "harsh remedy." This may be so. Nevertheless, appellant entered into the agreement voluntarily and with full knowledge of the possible repercussions. The trial court enjoys broad discretion in determining whether or not to grant a new trial. *Champion International Corp. v. Twelfth Court of Appeals,* 762 S.W.2d 898, 899 (Tex.1989). The decision to deny appellant's motion for rehearing was not an abuse of the court's discretion. Appellant's third point of error is overruled.

The judgment of the trial court ordering dismissal is affirmed.