ATTORNEY GENERAL OF TEXAS on Behalf of the STATE of Texas and Audrey Jones, Appellant,

v.

Sheila L. CARTWRIGHT, Appellee.

No. C14–93–00243–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 24, 1994.

Rehearing Overruled April 28, 1994.

Charles Childress, Austin, for appellant.

Elsie Martin–Simon, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a judgment reflected in three separate orders dismissing with prejudice the notice of delinquency filed by appellant, the Attorney General of Texas on behalf of the State of Texas and Audrey Jones, against appellee, Sheila L. Cartwright, and awarding attorney's fees to appellee as sanctions. In seven points of error, appellant contends that the trial court erred in: (1) entering the order of dismissal with prejudice and the sanction order because there was no basis for a finding of frivolousness or for dismissal with prejudice as a matter of law; (2) granting attorney's fees against appellant because sanctions for filing a notice of delinquency, a motion for new trial or a Rule 329b motion to vacate is an abuse of discretion; (3) granting attorney's fees because governmental immunity prohibits imposition of such sanctions; (4) granting attorney's fees because the first motion and order for sanctions did not comply with Chapter 105 of the Texas Civil Practice and Remedies Code; (5) granting attorney's fees and costs against appellant because there was no evidence to support the first sanction award; and (6) granting attorney's fees and injunctive relief against appellant because there was no evidence to support the second sanction award under Chapter 105 of the Texas Civil Practice and Remedies Code. We affirm.

On January 1, 1991, the Attorney General, filed an action against Sheila Cartwright to enforce an alleged child support order under the Uniform Reciprocal Enforcement of Support Act ("URESA"). The Attorney General alleged that Cartwright was obligated under

an existing order to pay child support to Audrey Jones. On April 19, 1991, Cartwright filed a Motion to Dismiss alleging that the Attorney General had failed to produce an order of the Louisiana court ordering her to pay child support to Audrey Jones. On May 9, 1991, the trial court dismissed the case based on the following:

a. one of the children the subject of the suit was over the age of 18 years and had attained the age of 20 years; and said child was emancipated under the laws of this state and under the laws of the State of Louisiana; and

b. the other child the subject of the suit had never resided with Petitioner/Appellant, Audrey Jones; and

c. the State of Texas failed to produce, after timely requests by Sheila L. Cartwright, a certified copy of any order, signed by a judge of competent jurisdiction, which specifically ordered Sheila L. Cartwright to pay child support to Audrey Jones.

On July 17, 1991, the Attorney General filed a new action involving the same parties in the same court, but under a different cause number. On September 12, 1991, Cartwright filed a verified original answer and motion to dismiss the case alleging res judicata and collateral estoppel. Cartwright timely served upon Audrey Jones' attorney of record, the Attorney General, a Request for Production of an "order" from the State of Louisiana signed by a judge of competent jurisdiction and specifically ordering Sheila L. Cartwright to pay child support to Audrey Jones. The Attorney General failed to comply with this discovery request and so far as the record reflects, has never complied.

On October 22, 1991, a hearing on the URESA petition in the new case was held before a master, who found that Cartwright had failed to pay court-ordered child support in the amount of $13,090.65. The master signed the report and recommendation on November 27, 1991. The trial court signed an order adopting the master's report on December 10, 1991. On the same day, Cartwright filed a Notice of Appeal and Exceptions and Objections to Report of IV–D Master requesting a "trial de novo" before the trial court.

On January 14, 1992, a hearing was held on Cartwright's motion for "trial de novo," which was directed at the master's report. The Attorney General failed to appear at the hearing, and the trial court dismissed the case with prejudice on January 15, 1992. On February 14, 1992, the Attorney General timely filed a motion for new trial, which was denied by the trial court on March 3, 1992. Cartwright filed an opposition to the motion for new trial on February 28, 1992.

On March 8, 1992, the Attorney General timely perfected an appeal to this court. On March 19, 1992, the Attorney General filed a Motion to Dismiss its own appeal. We granted the motion on June 4, 1992, and dismissed the appeal.

On July 26, 1992, the Attorney General filed a Notice of Delinquency against Cartwright on the basis of the child support arrearage determined by the December 10, 1991, order. Cartwright timely filed her First Amended Motion to Stay Issuance, and a hearing was held on the motion on September 8, 1992. On September 14, 1992, the trial court signed its Order on Motion to Stay Issuance of Wage Withholding. The trial court found that the notice of delinquency was "frivolous, groundless, and without legal authority and hereby dismissed with prejudice." The agreed order was signed by Cartwright's attorney and the Assistant Attorney General, Yvette Camel–Smith.

On October 15, 1992, the Attorney General timely filed a Motion for New Trial. On October 21, 1992, Cartwright filed an Opposition to Motion For New Trial and/or Rehearing and requested sanctions pursuant to Rule 13 of the Texas Rules of Civil Procedure. On November 10, 1992, the Attorney General, by oral motion in open court, withdrew its Motion For New Trial. Cartwright did not withdraw her requests for affirmative relief pursuant to Rule 13.

On December 1, 1992, a hearing was held on Cartwright's request for sanctions. The trial court ordered sanctions of $2,000 in attorney's fees against the Attorney General pursuant to TEX.R.CIV.P. 13 and *Black v.*

*Dallas County Child Welfare Unit,* 835 S.W.2d 626 (Tex.1992). On December 18, 1992, the Attorney General filed a Motion to Vacate Order Dismissing with Prejudice and Motion to Vacate Order Imposing Sanctions and requested findings of fact and conclusions of law. On January 7, 1993, the trial court filed its findings of fact and conclusions of law.

On January 11, 1993, Cartwright filed an Answer to Motion to Vacate Order Dismissing with Prejudice and Answer to Motion to Vacate Order Granting Sanctions and Requests for Sanctions and Affirmative Relief, in which she requested relief pursuant to Rule 13 and Sections 105.002 and 105.003 of the Texas Civil Practice and Remedies Code.

On January 26, 1993, a hearing was held on the motion to vacate. The trial court ordered sanctions of $3000 in attorney's fees against the Attorney General pursuant to Rule 13 of the Texas Rules of Civil Procedure, sections 105.002 and 105.003 of the Texas Civil Practice and Remedies Code, and *Black v. Dallas County Child Welfare Unit,* 835 S.W.2d 626 (Tex.1992).

In its first point of error, appellant asserts that the trial court erred in entering the orders of September 14, 1992, and December 1, 1992, which found its notice of delinquency frivolous and dismissed it with prejudice, because there was no basis for a finding of frivolousness or dismissal with prejudice as a matter of law. In effect, appellant argues that the filing of the notice of delinquency did not invoke the jurisdiction of the trial court so as to permit a finding of frivolousness or dismissal of the action.

■ In its first subpoint, the Attorney General argues that the notice of delinquency/writ of withholding process is essentially an administrative remedy, not a legal action. The adequacy of a notice of delinquency is an administrative determination reviewable by the court *only* if the obligor timely seeks judicial review. TEX.FAM.CODE ANN. § 14.44 (Vernon Supp.1994); *Attorney General's Office v. Mitchell,* 819 S.W.2d 556, 559–60 (Tex. App.—Dallas 1991, no writ). Section 14.44 provides in pertinent part:

**Notice of Delinquency in Court–Ordered Child Support**

(a) Notice of Delinquency. A proceeding may be initiated under this section if a delinquency allegedly occurs in any previously *ordered* child support in an amount equal to or greater than the total support due for one month ... *The attorney general ... may prepare and file with the court of continuing jurisdiction a verified notice of delinquency and deliver notice of delinquency to the obligor ...*

(b) Contents of Notice. The notice of delinquency to the obligor shall:

\*   \*   \*   \*   \*   \*

(3) Contain a statement that *if the obligor does not contest the withholding within 10 days after the receipt of the notice of delinquency,* the obligor's employer will be notified to begin the withholding;

(4) describe the procedures for contesting the issuance and delivery of a writ of withholding;

(5) contain a statement that if the obligor contests the withholding, he will be afforded an opportunity to present his case to the court within 30 days of receipt of the notice of contest;

\*   \*   \*   \*   \*   \*

(c) Staying Issuance and Delivery of a Writ of Income Withholding. *The obligor may stay the issuance and delivery of a writ of income withholding on his current or subsequent employer by filing a motion to stay issuance and delivery with the clerk of court with jurisdiction of the matter within 10 days of the date the notice of delinquency is received by him ...*

(d) Hearing on Contested Delinquency. On filing a motion to stay issuance, the clerk of court shall notify the attorney who filed the notice of delinquency and the court that the motion has been filed. A hearing on the motion must be held within 30 days of its filing ... The court must decide the contested delinquency and either enter an order for income withholding pursuant to Section 14.43 of this code or deny the requested

relief within 45 days of the date that the notice of delinquency was received by the obligor ...

\* \* \* \* \* \*

Tex.Fam.Code Ann. § 14.44 (Vernon Supp. 1994)

In the present case, the Attorney General filed the Notice of Delinquency with the trial court on July 26, 1992. It is undisputed that Cartwright timely filed an original and Amended Motion to Stay Issuance of a writ of income withholding. Cartwright timely sought judicial review of the notice of delinquency and contested the withholding within the period provided by section 14.44(d). The trial court, as the court of continuing jurisdiction, was required to decide the contested delinquency and either enter an order for income withholding or deny the requested relief. Tex.Fam.Code Ann. § 14.44(d) (Vernon Supp.1994). Thus, the trial court was conferred jurisdiction to review the original determination of Cartwright's delinquency. *Id.; Mitchell,* 819 S.W.2d at 559–60.

■ In its second subpoint, the Attorney General asserts that even if viewed as a legal action, a notice of delinquency based on a *judicial* determination of arrearage cannot be frivolous. The Attorney General relies on the trial court's December 10, 1991, Order Adopting Master's Report, which found that Cartwright had failed to pay court-ordered child support in the amount of $13,090.65. We note that on the same day this order was signed, Cartwright filed a Notice of Appeal and Exceptions and Objections to Report of IV–D Master, requesting a "trial de novo" before the trial court.

If no motion for new trial is filed, a trial court retains plenary power over its judgment until thirty days after the judgment is signed. Tex.R.Civ.P. 329b(d). However, the filing of a motion for new trial during this initial thirty day period extends the court's jurisdiction over the judgment until thirty days after all timely filed motions for new trial are overruled. Tex.R.Civ.P. 329b(e); *see also Lovelace v. Downey,* 783 S.W.2d 824, 825 (Tex.App.—Houston [14th Dist.] 1990, no writ). In this case, the trial court's judgment was signed on December 10, 1991. Cart-

wright filed her motion for "trial de novo" on December 10, 1991, which was well within the thirty day period. Thus, the trial court had plenary power to·act on the motion for "trial de novo" and to vacate, modify, correct, or reform the December 10, 1991, order adopting the master's report. *Id.*

■ On January 15, 1992, at the hearing on the motion for "trial de novo," the trial court signed an Order Dismissing with Prejudice that "ORDERED AND DECREED that the Recommendation of the IV–D Master, is void and moot and that this cause of action is hereby DISMISSED WITH PREJUDICE." The effect of the January 15, 1992, order was to set aside the December 10, 1991, judgment and to substitute the new judgment in its stead. Thus, the master's report became a nullity and did not qualify as an "order" to support the notice of delinquency.

■ In determining whether an action is groundless, the trial court makes its decision based either on undisputed fact issues, law issues or jury findings. *C.S.R., Inc. v. Industrial Mechanical, Inc.,* 698 S.W.2d 213, 217 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Mader v. Aetna Casualty & Surety Co.,* 683 S.W.2d 731, 734 (Tex.App.—Corpus Christi 1984, no writ). The term "groundless" means that there is no arguable basis for the cause of action. Tex.R.Civ.P. 13.

■ In this case, the record reveals no evidence of a *judicial* determination of the alleged child support arrearage of Cartwright. The Attorney General has never produced an "order" from the State of Louisiana specifically ordering Cartwright to pay child support to Audrey Jones. We also note that the trial court had dismissed the case with prejudice, and this court had dismissed the appeal of the case before the Attorney General filed the notice of delinquency. We find that the totality of the tendered evidence failed to demonstrate any arguable basis for the Attorney General's claim that Cartwright was under a court order to pay child support to Audrey Jones. *See* Tex.R.Civ.P. 13. Thus, the trial court correctly found that the

notice of delinquency was frivolous, groundless, and without legal authority.

■ On the contrary, the Attorney General argues that the trial court could not find the notice of delinquency frivolous without any pleadings alleging frivolousness, or any evidence or documentation of frivolous action. We disagree. The trial court may impose an appropriate sanction "upon motion or upon its own initiative, after notice and hearing." Tex.R.Civ.P. 13. Furthermore, the trial court was well aware of the procedural history of the case.

We must now determine if the trial court abused its discretion by dismissing the case with prejudice. *Trevino v. Houston Orthopedic Ctr.*, 831 S.W.2d 341, 343 (Tex.App.— Houston [14th Dist.] 1992, writ denied). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, or in other words, acted in an arbitrary and unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Trevino*, 831 S.W.2d at 343. The trial court does not necessarily abuse its discretion if under the same facts, an appellate court would decide the matter differently, or if the court commits a mere error in judgment. *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex.1989); *Downer*, 701 S.W.2d at 242. This court will reverse the trial court's ruling only if it abuses its discretion and the error is harmful. Tex.R.App.P. 81(b).

■ A trial court may impose sanctions against an attorney, a represented party, or both for pleadings, motions, or other papers filed in bad faith or which are groundless and have no basis in law or fact. Tex.R.Civ.P. 13. Pursuant to Rule 13, the trial court shall, in its discretion, impose an appropriate sanction if it determines after notice and hearing that the attorney has violated the rule. The rule further provides that the court may impose any appropriate sanction available under Rule 215(2)(b), including the assessment of attorney fees. Tex.R.Civ.P. 215(2)(b)(8). Here, the trial court dismissed the case with prejudice because the Attorney General filed a frivolous and groundless notice of delin-

quency and motion for new trial. The record does not indicate that the trial court's action were arbitrary or unreasonable. Based on all of the evidence, we find that the trial court did not abuse its discretion by dismissing the cause with prejudice. Accordingly, we overrule the Attorney General's first point of error.

■ In its second and fourth points of error, the Attorney General contends that the trial court erred in granting attorney's fees because the imposition of sanctions for filing a notice of delinquency, a motion for new trial or a Rule 329b motion to vacate is an abuse of discretion.

The test for abuse of discretion is not whether the facts present an appropriate case for the trial court's action, but rather whether the court acted without reference to any guiding rules and principles. *Downer*, 701 S.W.2d at 241–42; *Lawrence v. Kohl*, 853 S.W.2d 697, 699 (Tex.App.—Houston [1st Dist.] 1993, no writ). The trial court's discretion is limited only by the requirement that its order be just and that the sanction imposed be specifically related to the harm done by the sanctioned conduct. *Ray v. Beene*, 721 S.W.2d 876, 879 (Tex.App.— Houston [1st Dist.] 1986, writ ref'd n.r.e.). The appellate court may not substitute its judgment for that of the trial court. *Id.* To establish a clear abuse of discretion, it must be shown that the trial court's action was arbitrary or unreasonable in light of all the circumstances in the particular case. *McRae v. Guinn Flying Services*, 778 S.W.2d 189, 191 (Tex.App.—Houston [1st Dist.] 1989, no writ).

In this case, the Attorney General filed its Motion for New Trial on October 15, 1992. On October 21, 1992, Cartwright filed her opposition to the motion requesting sanctions under Rule 13. The trial court entered an order imposing sanctions against the Attorney General on December 1, 1992, for frivolously filing its Motion for New Trial. On December 18, 1992, the Attorney General filed its Motion to Vacate Order Dismissing with Prejudice and Order Imposing Sanctions. Cartwright filed her answer to the motion to vacate on January 1, 1993. The

trial court again sanctioned the Attorney General on January 26, 1993, for frivolously filing a motion to vacate. We note that the Attorney General's motion for new trial and motion to vacate were filed after the suit had been dismissed with prejudice twice. A dismissal with prejudice bars further filing in the same cause of action by operation of law. The motion to vacate was filed after sanctions had already been awarded against the Attorney General. As stated, *supra*, the Attorney General erroneously argues that the notice of delinquency was based on a *judicial* determination of child support arrearage.

A trial court may impose sanctions against an attorney for motions filed in bad faith or which are groundless and have no basis in law or fact. *See* TEX.R.CIV.P. 13; *Bloom v. Graham*, 825 S.W.2d 244, 248 (Tex.App.—Fort Worth 1992, writ denied). After reviewing all the evidence before the trial court, we find that the trial court correctly found that the Attorney General's motion for new trial and motion to vacate were groundless, brought in bad faith, and brought for purpose of harassment. Consequently, the trial court did not abuse its discretion by imposing sanctions against appellant for filing the frivolous motions. We overrule the Attorney General's second and fourth points of error.

◼ In its third point of error, the Attorney General asserts that the trial court erred in granting attorney's fees against appellant because governmental immunity prohibits the imposition of such sanctions unless such immunity is expressly waived by the Legislature.

The Texas Legislature has enacted laws authorizing the State to pursue legal action to enforce court-ordered child support. *See* TEX.FAM.CODE ANN. § 14.43 (Vernon Supp. 1994). On the other hand, the legislature also permits a private citizen to recover attorney's fees for an agency's prosecution of a legal cause of action that is frivolous, unreasonable or without foundation. TEX.CIV. PRAC. & REM.CODE ANN. §§ 105.001–.004 (Vernon 1986); *Black*, 835 S.W.2d at 629–31. Section 105.002 provides:

A party to a civil suit in a court of this state brought by or against a state agency in which the agency asserts a cause of action against the party, either originally or as a counter-claim or cross-claim, is entitled to recover, in addition to all other costs allowed by law or rule, fees, expenses, and reasonable attorney's fees incurred by the party in defending the agency's action if:

(1) the court finds that the action is frivolous, unreasonable, or without foundation; and

(2) the action is dismissed or judgment is awarded to the party.

TEX.CIV.PRAC. & REM.CODE ANN. § 105.002 (Vernon 1986).

The Attorney General's Office is defined as a state agency in section 105.001(3) of the Texas Civil Practice and Remedies Code. From the plain language of Section 105.002, it is clear that this provision is a statutory waiver of sovereign immunity and a statutory remedy for costs, expenses, and attorney's fees. *Black*, 835 S.W.2d at 629. We find that section 105.002 is applicable to the Attorney General's filing of the frivolous notice of delinquency and motions because governmental immunity has been expressly waived by the legislature. We overrule the Attorney General's third point of error.

◼ In its fifth point of error, the Attorney General claims that the trial court erred in granting attorney's fees against it on December 1, 1992, because neither Cartwright's motion for sanctions nor the December 1, 1992, order imposing sanctions complied with the requisites of Chapter 105 of the Texas Civil Practice and Remedies Code. Specifically, the Attorney General argues that Cartwright failed to "set forth the facts that justify the party's claim within her motion for sanctions." Section 105.003 provides:

(a) To recover under this chapter, the party must file a written motion alleging that the agency's claim is frivolous, unreasonable, or without foundation. The motion may be filed at any time after the filing of the pleadings in which the agency's cause of action is alleged.

(b) *The motion must set forth the facts that justify the party's claim.*

(c) The motion must state that if the action is dismissed or judgment is awarded to the party, the party intends to submit a motion to the court to recover fees, expenses, and reasonable attorney's fees.

TEX.CIV.PRAC. & REM.CODE ANN. § 105.003 (Vernon 1986).

In this case, Cartwright filed an Opposition to Motion for New Trial and/or Rehearing requesting sanctions pursuant to Rule 13 of the Texas Rules of Civil Procedure. Cartwright's opposition specifically alleged the followings:

On May 9, 1992, in cause number 91–00[0]96 entitled AUDREY JONES VS. SHEILA CARTWRIGHT, in the 308th District Court of Harris County, Texas this action was dismissed. (attached hereto as Exhibit "A" and fully incorporated herein as if set forth verbatim).

On May 9, 1991, NEDRA SIMONE JOHNSON, date of birth August 30, 1971 was emancipated under the laws of the State of Louisiana and Texas before the suit was filed and the other child had been living with Sheila L. Cartwright and had not lived with Audrey Jones.

Furthermore, the State of Texas failed to produce a **Certified** copy of an **"ORDER"**, signed by a Judge of a Louisiana Court, having competent jurisdiction, which ordered Sheila L. Cartwright to pay child support to Audrey Jones even though such document was duly and properly requested, pursuant to Texas Rules of Civil Procedure Rule 166, by Sheila L. Cartwright.

In September of 1991, Sheila L. Cartwright was served with cause number 91–38345, in the 308th Judicial District Court of Harris County, Texas, entitled Audrey Jones vs. Sheila L. Cartwright, requesting the same relief as requested in cause number 91–00096.

In addition, Cartwright's opposition expressly set forth the following facts:

On January 14, 1992 at 9:00 A.M. the assistant attorney general for the State of Texas failed to appear, and cause 91–38245 was *dismissed with prejudice, by an order duly signed by this honorable court on January 15, 1992.* (Attached hereto as Exhibit "B" and fully incorporated herein as if set forth verbatim).

The State of Texas timely filed a Motion for New Trial. On March 3, 1992, by an **order duly entered by this court on March 3, 1992, the motion for new trial was DENIED.** (Attached hereto as Exhibit "C" and fully incorporated herein as if set forth verbatim).

On September 8, 1992, the State of Texas by and through its attorney general, Yvette Camel–Smith, appeared in open court and agreed that the ca[u]se of action, was **"frivolous, groundless and without legal authority and hereby dismissed with prejudice"**. A certified copy of the Order on Motion to Stay Issuance of Wage Withholding is attached hereto and fully incorporated herein as if set forth verbatim as Exhibit "E".

## II.

On October 14, 1992 the State of Texas filed a Motion for New Trial to which Sheila L. Cartwright opposes and for cause shows and requests the following:

The "Motion for New Trial", filed by the State of Texas is, on October 14, 1992 is **groundless, frivolous, an abuse of the legal process, without legal authority and is sought solely for harassment of Sheila L. Cartwright; does not set forth a meritorious defense within the body of the motion; the affidavit attached thereto, is not signed by Audrey Jones; and the Motion for New Trial does not allege facts which in law would constitute a defense to the cause of action.**

Sheila L. Cartwright requests the court order sanctions pursuant to Rule 13 of Texas Rules of Civil Procedure for attorney's fees in the amount of $2,000.00 against the Attorney General State of Texas.

We find that Cartwright's opposition sufficiently met the procedural requirements of section 105.003 and gave the Attorney General adequate notice that she would seek to recover her attorney's fees incurred in defending herself against the frivolous claim. *See Attorney General v. Johnson,* 791 S.W.2d

200, 203 (Tex.App.—Fort Worth 1990, writ denied).

■ The Attorney General also contends that the only relief available to Cartwright was under Chapter 105 of the Texas Civil Practice and Remedies Code. The Attorney General argues that appellee cited *Black* as the only support for sanctions, and the trial court ordered sanctions pursuant to Rule 13 and *Black*. We note that *Black* is the first reported Chapter 105 case.

Here, the trial court's order granting sanctions on December 1, 1992, read in part:
The court finds good cause exists in that the State of Texas, Office of the Attorney General, Child Support Enforcement Division, has abused the legal process by using the it's legal authority to harass Sheila L. Cartwright; that the State of Texas Office of the Attorney General, Child Support Enforcement Division, has caused Sheila L. Cartwright legal expense of reasonable attorneys fees; that the State of Texas by and through its Attorney General, Child Support Enforcement Division, has filed a frivolous, and groundless cause of action and Motion for New Trial and that this court should order sanctions pursuant to Rule 13 of the Texas Rules of Civil Procedure and *Black v. Dallas County Child Welfare Unit*, 835 S.W.2d 626 (Tex.1992).

As stated, *supra*, Cartwright complied with the procedural requirements of Chapter 105. We find that the trial court made the necessary findings and properly awarded attorney's fees under section 105.002 of the Texas Civil Practice and Remedies Code.

We also note that the trial court's order stated that good cause existed and set out the particular reasons as required by Rule 13 of the Texas Rules of Civil Procedure. TEX. R.CIV.P. 13. Rule 13 authorizes the imposition of sanctions available under Rule 215(2)(b) against *any* attorney, a represented party, or both, who files a pleading that is groundless and brought in bad faith or groundless and brought for the purpose of harassment. *Bloom*, 825 S.W.2d at 247. It is well established that when the State enters the courts as a litigant, it must observe and will be bound by the same evidentiary and procedural rules that apply to all litigants.

*See, e.g., Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 301 (Tex.1976); *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 7–8 (Tex.1974). We find that the Attorney General's actions constitute good cause to support Rule 13 sanctions, and the trial court properly imposed such sanctions. We overrule the Attorney General's fifth point of error.

■ In its sixth point of error, appellant argues that the trial court erred in granting attorney's fees and costs against appellant because there is no evidence to support the sanction award of December 1, 1992. Specifically, appellant alleges that Cartwright failed to introduce documentary evidence or sworn testimony concerning the findings necessary for Chapter 105 sanctions, nor did she request the court to take judicial notice of the file.

The trial court may consider the entire record of the case in assessing sanctions. *Downer*, 701 S.W.2d at 241. The trial court is not limited to considering only the specific violation committed, but is entitled to consider other matters which have occurred during the litigation. *Id.; U.S. Fidelity and Guar. Co., v. Rossa*, 830 S.W.2d 668, 672 (Tex. App.—Waco 1992, writ denied). Furthermore, the trial court may consider action taken in another court when that action is relevant to the case pending before the trial court. *See Braden v. South Main Bank*, 837 S.W.2d 733, 737 (Tex.App.—Houston [14th Dist.] 1992, writ denied), *cert denied*, —— U.S. ——, 113 S.Ct. 2337, 124 L.Ed.2d 248 (1993).

At the December 1, 1992, hearing on the motion for new trial, the trial court was well aware of the numerous prior hearings and pleadings. We will presume that the trial court was familiar with the entire record of the case up to and including the motion to be considered. The record reflects that Cartwright's attorney, Elsie Martin–Simon, testified as to the amount of attorney's fees she had incurred. Cartwright testified as the amount of attorney's fees she had paid to her attorney. Cartwright also testified that she had been defending the present action for almost two years and had been served with

two causes of action after the case had already been dismissed. In addition, the trial court found that based on all of the history of the case, the Attorney .General had "filed a frivolous, and groundless cause of action and Motion for New Trial and that this court should order sanctions pursuant to Rule 13 of the Texas Rules of Civil Procedure and *Black v. Dallas County Child Welfare Unit,* 835 S.W.2d 626 (Tex.1992)." The court further found that reasonable and necessary attorney's fees in the amount of $2000.00 should be rendered against the Attorney General. The record does not reveal that the trial court's action was arbitrary or unreasonable in light of all the circumstances. We find that the evidence was sufficient to sustain the $2000 award of attorney's fees. We overrule the Attorney General's sixth point of error.

In its seventh point of error, appellant asserts that the trial court erred in granting attorney's fees and injunctive relief against appellant on January 26, 1993, because there was no evidence to support the award of sanctions under Chapter 105 of the Texas Civil Practice and Remedies Code.

At the hearing on January 1, 1993, the Attorney General's motion to vacate was before the trial court. Cartwright had filed an answer to the motion requesting sanctions and affirmative relief under Rule 13 of the Texas Rules of Civil Procedure and sections 105.002 and 105.003 of the Texas Civil Practice and Remedies Code. Cartwright claimed that the Attorney General filed a notice of delinquency after receiving notice that the case was dismissed with prejudice.

We note that Cartwright had met all of the procedural requirements for Chapter 105 relief. At the hearing, the court detailed the procedural history of the case on the record. The court also took judicial notice of the prior orders in the case. Cartwright's attorney testified as to the amount of her attorney's fees. The trial court ordered $3000 in attorney's fees against the Attorney General. The trial court also noted, "So I consider this case frivolous. We have been up here what, six or seven times, counsel? And I granted sanctions once and I will grant them again and I will grant them again; it keeps continuing. That's all." We find the evidence was sufficient to sustain the $3000 award of attorney's fees. We overrule the Attorney General's seventh point of error.

Cartwright brings a cross-point requesting this court to impose sanctions and affirmative relief against the Attorney General under Rule 84 for bringing a frivolous appeal. TEX.R.APP.P. 84. Where an appeal is taken for delay and without sufficient cause, Rule 84 authorizes an award to a prevailing appellee of up to 10% of the damages. Where the record shows that an appellant has no reasonable expectation of reversal and pursues the appeal in bad faith, sanctions can be given. *Maronge v. Cityfed Mortgage Co.,* 803 S.W.2d 393, 396 (Tex. App.—Houston [14th Dist.] 1991, no writ).

The granting of sanctions is within the discretion of the appellate court. TEX. R.APP.P. 84. Here there is some merit to the arguments for appellant's sanctions. We, however, refuse to grant further sanctions in the firm belief that those already assessed have accomplished their dual purpose: present punishment for, and future prevention of, such conduct. We overrule appellee's cross-point.

The judgment of the trial court is affirmed.