278 S.W.3d 530 (2009)
In the Interest of B.N.A., a Child.
No. 05-07-01008-CV.
Court of Appeals of Texas, Dallas.
February 24, 2009.
*531 Rande K. Herrell, Attorney General's Office, Child Support Division, for Appellant.
W.K. Brown, McKinney, TX, Lawrence J. Praeger, Attorney At Law, Jimmy L. Verner, Jr., Verner & Brumley, Monzella Fuller, Dallas, TX, Mark Dunn, and Robert T. O'Donnell, Garland, TX, for Appellee.
Before Justices MOSELEY, RICHTER, and FRANCIS.

OPINION
Opinion by Justice MOSELEY.
The Office of the Attorney General (OAG) appeals from: (1) an order modifying a father's child support obligation in a suit affecting the parent-child relationship and confirming the child support arrearage; and (2) an order dissolving an administrative writ of withholding and imposing costs, including reasonable attorneys' fees, against the OAG. The OAG brings seven issues on appeal. The first three challenge the trial court's power to mandate the manner in which the OAG remits child support payments and to enjoin the OAG from taking any action in the case. The next two issues challenge the trial court's confirmation of the amount of child support arrearage owed by K.A. (Father). The last two issues challenge the trial court's order dissolving the OAG's administrative writ of withholding. That order found the writ was issued in violation of the trial court's injunction, and the OAG's actions were frivolous, unreasonable, and without foundation. The order imposed costs against the OAG under chapter 105 of the civil practice and remedies code. We conclude the trial court lacked jurisdiction to enjoin the OAG in the performance of its authorized duties; thus we vacate those portions of the modification order. However, we further conclude the OAG has not preserved for appeal any complaints regarding the trial court's confirmation of the child support arrearage; thus we affirm that portion of the modification order. Finally, we conclude the trial court abused its discretion in imposing costs against the OAG because chapter 105 does not apply to these proceedings. Accordingly, we reverse the order dissolving the administrative writ of withholding *532 and render a take nothing judgment on Father's request for costs under chapter 105.

BACKGROUND
The OAG filed a petition to establish the parent-child relationship between Father and B.N.A. in 1991. Father conceded paternity of B.N.A. and agreed to pay child support of $800 per month. He was ordered to make all child support payments through the OAG "for distribution according to law, subject to further order of this Court." Father fell behind in his support payments after a change in his employment in 2001.
In July 2006, Father filed a motion to modify his support obligation based on a material change in his income. He requested the court to reduce and recalculate the amount of his monthly payment on any arrears which were due and owing, and he requested that his payments be reduced retroactively to the earlier of time of service on Mother or her appearance in the modification action. See TEX. FAM. CODE ANN. § 156.401(b) (Vernon 2008). The OAG did not file a response, counterclaim, or cross-claim to Father's motion to modify. However, it appeared at a pretrial hearing and signed the pretrial order, in which the trial court set the case for hearing on April 23, 2007.
Father and Mother appeared at the April 23 hearing, but the OAG did not. Father testified he was a former NFL football player. He was injured in 1999, returned for the 2000-2001 season, but was cut after the season. His income dropped substantially after leaving the NFL. His tax returns for 2002 through 2005 were admitted into evidence. He is self-employed by a foundation he established in 2000 and receives some income from speaking engagements. He testified he is currently coaching football at a small college in exchange for his tuition and fees for classes he is taking to complete a degree program. He currently lives with his girlfriend, who pays most of their living expenses and helps with his child support. In addition to B.N.A., Father has two daughters with his girlfriend and a son for whom he is obligated to pay $540 per month in child support.
The trial court ruled that she would reduce the child support amount to $550 per month, which included a portion of the health insurance premiums paid by Mother, and told the parties to determine an amount of child support arrears and a monthly payment on the arrearage to be included in the modification order. After a brief recess, Father's attorney informed the trial court that he had determined the amount in arrears based on the original support amount and Father's income for 2002 through 2006 and then deducted the payments he had made over that time, to arrive at an arrearage of $18,033.88. Father agreed to pay $50 per month toward the arrearage.
On April 24, 2007, the trial court signed the modification order granting Father's motion to modify. The order reduced the child support obligation to $550 per month, including medical insurance, plus $50 per month on the arrearage, and $10 per month administrative fee to the Guardian Ad Litem. The order found the child support arrearage to be $18,033.88, and granted a judgment in favor of Mother against Father for that amount. The trial court found Father was self-employed and not subject to wage withholding, but the order provided terms for wage withholding if Father became employed. (Other provisions of the order are discussed in more detail below.)
The next day, the OAG filed a motion for rehearing or, in the alternative, a new trial. The OAG alleged its failure to appear *533 at the hearing was due to a calendar mistake and was not intentional or for purposes of delay. The motion also alleged the $18,033.88 amount of arrearage found in the order was a gross difference from the $60,971.98 in arrears alleged by the OAG. The motion did not contend Father's motion to modify failed to give fair notice he would seek a confirmation of the amount of arrearage.
At the hearing on the motion for rehearing, the OAG's attorney stated on the record, "Being that [Mother's] not here, we're not going to pursue a recalculation of the arrears. So we just basically have some issues with the order." The trial court denied the motion for rehearing.
While the motion for rehearing was pending, the OAG filed an administrative writ of withholding with the college where Father was coaching football. Father filed a motion to dissolve the writ and requested an award of attorneys' fees against the OAG contending the administrative writ was a frivolous cause of action. See TEX. CIV. PRAC. & REM.CODE ANN. § 105.002 (Vernon 2005). The trial court found the OAG's actions were in direct violation of the modification order's injunction and were "frivolous unreasonable and without foundation;" it granted Father's motion to dissolve and awarded Father's attorney a judgment for $1,000 against the OAG.

DISCUSSION

A. Jurisdiction to Command the OAG
The OAG's first three issues challenge two parts of the trial court's modification order: (1) the command to the OAG's child support disbursement unit to remit child support payments to a private entity, "Guardian ad Litem" (GAL), the court designated as a friend of the court to monitor, receive, disburse, and enforce child support obligations and to collect a fee out of those child support payments; and (2) enjoining the Attorney General from taking any additional action in the case. The OAG argues the trial court did not have jurisdiction to render these orders.
The modification order requires Father to make child support payments payable to GAL and remit them to the Texas Child Support Disbursement Unit (SDU), a branch of the OAG; the SDU "is thereafter ORDERED to remit all child support payments to" GAL. In addition, the modification order expressly states "the Attorney General is enjoined from taking any additional action in this cause, unless such action is Ordered or requested by the Court."
We have found similar language in other orders of the trial court to be void under government code section 22.002(c). TEX. GOV'T CODE ANN. § 22.002(c) (Vernon 2004); see In re C.J.M.S., 269 S.W.3d 206 (Tex. App.-Dallas 2008, pet. denied) (only supreme court has jurisdiction to issue mandamus, injunction, or other mandatory writ or process to perform "a judicial, ministerial, or discretionary act or duty"); In re A.B., 267 S.W.3d 564 (Tex.App.-Dallas 2008, no pet. h.). We reach the same conclusion in this case. The trial court lacked jurisdiction compel the OAG to remit child support payments to GAL and to enjoin the Attorney General from taking action in the case. We sustain the OAG's second issue and need not address the first and third issues. TEX.R.APP. P. 47.1. We vacate that portion of the modification order purporting to compel the child support disbursement unit of the OAG to remit child support payments to GAL and that portion enjoining the Attorney General from taking action in the cause unless ordered or requested by the trial court.

B. Judgment for Arrearage
The OAG's fourth issue argues there are no pleadings to support a confirmation of *534 arreages, and the fifth issue argues the trial court abused its discretion by rendering judgment for an arrearage of approximately $18,000 when the OAG's record shows the arrearage was over $60,000. Father contends the OAG has not preserved this complaint for appeal.
An absent party is not held to trial by implied consent of an unpled cause of action where fair notice of the cause of action is not in the pleadings. See Stoner v. Thompson, 578 S.W.2d 679, 684 (Tex. 1979). But here the pleading  Father's motion to modify  asked the trial court to "recalculate the amount of child support due and owing from [Father] to [Mother] in accordance with the guidelines of the Texas Family Code." Father requested the trial court to "decrease and recalculate the amount of [Father's] monthly payment on any alleged arrears which may be due and owing ... as the payment under the prior order works a hardship on [Father]." The motion also sought a "decrease in child support and payment on judgment be made retroactive to the earlier of the time of service of citation ... or appearance of [Mother]." Thus, fair notice of the confirmation was provided by the pleadings.
We also conclude any other issues regarding the trial court's confirmation of child support arrearages were not preserved for appeal. Although the OAG's motion for rehearing stated the amount of the judgment was "a gross difference" from the arrears claimed by the OAG, the OAG abandoned this claim at the beginning of the hearing on the motion, telling the trial court "we're not going to pursue a recalculation of the arrears." Thus, the OAG has not preserved any complaint about the calculation of the arrears. See TEX.R.APP. P. 33.1(a). We overrule the OAG's fourth and fifth issues.

C. Award of Costs
The OAG's sixth and seventh issues contend the trial court abused its discretion in awarding costs, including attorney's fees of $1,000, under chapter 105 of the government code. Two months after the modification order, the OAG issued an administrative writ of withholding to the college where Father was coaching football.[1] The writ required the college to withhold the monthly amount of child support and arrears stated in the modification order. Father filed a motion in the trial court requesting dissolution of the writ and asking the trial court to provide an "administrative review" of the writ. The motion to dissolve also sought costs, including attorney's fees, from the OAG under government code chapter 105 for filing a frivolous claim. See TEX. GOV'T CODE ANN. § 105.001-.004 (Vernon 2005). The motion to dissolve was heard at the same time as the OAG's motion for rehearing. The trial court signed an order dissolving the writ and finding, in part, Father requested an administrative review in his motion to dissolve, the OAG did not schedule an administrative hearing, the OAG's action was in direct violation of the trial court's injunction, and the OAG's "actions were frivolous unreasonable and without foundation pursuant to Section 105 of the Texas Civil Practice and Remedies Code." The order rendered a judgment for Father's attorney against the OAG for $1,000 as attorneys' fees, expenses, and costs.
The Frivolous Claims Act allows a party to a suit by or against a state agency "in which the agency asserts a cause of action against the party, either originally or as a counterclaim or cross claim," to recover reasonable attorneys' fees incurred by the *535 party in defending the agency's action if the "court finds the action [was] frivolous, unreasonable, or without foundation" and the action was dismissed or judgment rendered for the party. See TEX. CIV. PRAC. & REM.CODE ANN. § 105.002 (emphasis added). A condition of chapter 105 is that an agency assert a cause of action against a party to a suit brought by or against the agency, either originally or as a counterclaim or cross claim. Id.
The trial court's order found the OAG did not schedule an administrative hearing and violated the court's injunction. However, this conduct does not constitute assertion of cause of action either originally or by counterclaim or cross claim. The only items complained of in Father's motion (issuance of the administrative writ and violation of the injunction) do not constitute the assertion of a cause of action by an agency. Further, the record indicates the OAG did not file an answer, response, counterclaim, or other document in response to Father's motion to modify and did not assert a cause of action against him in the civil suit before the trial court.
Father nevertheless asserts that the OAG's conduct was frivolous. However, the statute requires that the cause of action be frivolous, unreasonable, or without foundation, not the agency action or conduct. Id. In Brainard v. State, the supreme court recognized:
[W]e have held that chapter 105 permits attorney's fees only when a state agency asserts a claim that is "frivolous, unreasonable, or without foundation," and not when the state agency acts frivolously, unreasonably, or without foundation. See Black v. Dallas Co. Child Welfare Unit, 835 S.W.2d 626, 629-30 (Tex.1992) ("[A]n award of attorney's fees under the statute requires more than a finding that particular incidents of an agency's conduct are frivolous, unreasonable, or without foundation.").
Brainard, 12 S.W.3d 6, 30 (Tex.1999), disapproved of on other grounds by Martin v. Amerman, 133 S.W.3d 262, 267-68 (Tex. 2004).
Father cites State v. Cartwright, 874 S.W.2d 210 (Tex.App.-Houston [14th Dist.] 1994, writ denied), in arguing that the administrative writ of withholding in this case is subject to sanctions under chapter 105. We disagree. In Cartwright, the OAG had filed several proceedings seeking to enforce a Louisiana child support order. However, there was a clear dispute as to the order's existence, and two proceedings had been dismissed with prejudice because of the OAG's inability to produce the order Id. at 215. As characterized by the supreme court in Brainard, Cartwright ruled that evidence supported an award of attorney's fees when the OAG filed a notice of delinquency to enforce the alleged child support order after the notice had been dismissed twice with prejudice. See Brainard, 12 S.W.3d at 30-31; Cartwright, 874 S.W.2d at 213-14. In contrast, here there was no dispute that a child support order existed and that it required monthly payments for current support, medical support, and payment on the outstanding child support arrearage.
The OAG is authorized to issue an administrative writ of withholding at any time until all current support, including medical support, and arrearages have been paid. TEX. FAM.CODE ANN. § 158.502(a). The writ in this case was based on the modified monthly child support required by the trial court's modification order (except for the $10 monthly fee to GAL). Father does not contend that the arrearage determined by the modification order had been paid at the time the administrative writ issued.
*536 We conclude the trial court abused its discretion in imposing costs against OAG under chapter 105. See TEX. CIV. PRAC. & REM.CODE ANN. § 105.002; Brainard, 12 S.W.3d at 30. We sustain the OAG's sixth and seventh issues, reverse the trial court order dissolving the administrative writ, and render judgment that Father take nothing on his claim for costs under chapter 105.

CONCLUSION
We sustain the OAG's second issue and need not address the first and third issues. We overrule the OAG's fourth and fifth issues and sustain its sixth and seventh issues.
We vacate that portion of the modification order purporting to compel the child support disbursement unit of the OAG to remit child support payments to GAL and that portion enjoining the Attorney General from taking action in the cause unless ordered or requested by the trial court. In all other respects, we affirm the trial court's modification order. We reverse the trial court's order dissolving the administrative writ of withholding and render judgment that Father take nothing on his claim for costs under chapter 105 of the civil practice and remedies code.
NOTES
[1] Father contends he was self-employed and only working as a football coach at the college in exchange for his tuition and fees for attending the college.