NO. 12-09-00392-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

YAKOV ELMAKISS,                                                §                      APPEAL
FROM THE 7TH

APPELLANT

 

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT

 

HONORABLE RANDALL L.

ROGERS, SMITH COUNTY, RUTH
M.

ELMAKISS AND TYLER CSE
UNIT,

APPELLEES                                                 §                      SMITH
COUNTY, TEXAS







MEMORANDUM
OPINION

Yakov
Elmakiss, appearing pro se, appeals three orders signed by the trial court
granting the plea to the jurisdiction filed by the Tyler Child Support
Enforcement Unit of the Attorney General of Texas, the motion for summary
judgment filed by the Honorable Randall L. Rogers and Smith County, and the
traditional and no evidence motion for summary judgment filed by Ruth M.
Elmakiss. On appeal, Appellant presents three issues.  We affirm.

 

Background

On
July 31, 2006, the Honorable Randall L. Rogers, presiding judge of the County
Court at Law No. 2, signed a final decree of divorce between Yakov Elmakiss and
Appellee Ruth M. Elmakiss.  Yakov appealed the judgment to this court. On June
11, 2008, we affirmed the judgment regarding conservatorship, and possession of
and access to the minor child, but reversed and remanded on the issues of child
support and reimbursement.[1]
 On December 15, 2008, Yakov filed suit against Judge Rogers; Smith County,
Texas; Ruth; and Ruth’s attorney, Karen G. Hughes.[2]
Later, he added the Tyler Child Support Enforcement Unit of the Attorney
General of Texas (the “CSE”) as a defendant. 

In
his suit, Yakov alleged that Ruth and Judge Rogers forced him to conduct
visitation with his minor child in a place and at a time contrary to his
religious beliefs and practices, violating Section 110.003 of the Texas Civil
Practice and Remedies Code.  Further, he alleged that Judge Rogers
discriminated against him by issuing a capias for his arrest that described him
as “White/Jewish,” and by refusing to release his passport in violation of
federal and state law. Yakov also alleged that Judge Rogers denied him a jury
trial in the divorce case, denied him the right to timely discovery, sent him
to jail to prevent him from appealing the divorce case, and falsified facts in
the final decree of divorce.  He also made several allegations against Ruth
involving their divorce, relating in part to the loss of property and marital
assets and his inability to remove personal property from the marital home
before it was sold.  Finally, he alleged that the CSE violated the Texas Civil
Practice and Remedies Code by sending fraudulent claims through the post
office, unlawfully threatening him, and failing since 2005, as an officer of
the court, to perform its duties under state statute. 

Yakov
requested that Judge Rogers and “Smith County Courts” be enjoined, pursuant to
Section 110.005(a)(2) of the Texas Religious Freedom Restoration Act, from
discriminating against him or others, and from making “any further acts in
[the] case.”  He also requested that Judge Rogers release his passport and
dismiss all current capiases or writs of commitment against him.  Yakov requested
further that the CSE be enjoined from any acts against him, and asked for
damages against Ruth, Judge Rogers, and Smith County.  Ruth filed a traditional
and no evidence motion for summary judgment, arguing that Section 110.003(a) of
the Texas Civil Practice and Remedies Code did not apply to her, and that
Yakov’s other claims against her were barred by res judicata. Judge Rogers and
Smith County filed a traditional motion for summary judgment, arguing that the
trial court was without jurisdiction because of sovereign, judicial, and
official immunity, and that Yakov’s claims were barred by res judicata and
collateral estoppel. Further, the CSE filed a plea to the jurisdiction,
contending that because Yakov failed to demonstrate a valid waiver of sovereign
immunity, the trial court was without jurisdiction. Yakov did not respond to
any of the motions for summary judgment, but filed a response to the CSE’s plea
to the jurisdiction.

After
a hearing, the trial court granted Ruth’s traditional and no evidence motions
for summary judgment.  Further, the trial court granted Judge Rogers and Smith
County’s motion for summary judgment and the CSE’s plea to the jurisdiction.  It
also dismissed Yakov’s claims against Judge Rogers, Smith County, and the CSE
with prejudice.  This appeal followed.

 

Claims against the CSE

            In
his first issue, Yakov argues that the trial court abused its discretion by
granting the CSE’s plea to the jurisdiction, and dismissing his claims against
the CSE for lack of jurisdiction.

Applicable
Law

A
plea to the jurisdiction challenges the trial court’s authority to determine
the subject matter of the action.  Gibson v. Dynegy Midstream Svcs., L.P.,
138 S.W.3d 518, 522 (Tex. App.–Fort Worth 2004, no pet.).  Whether the trial
court had subject matter jurisdiction is a question of law that we review de
novo.  Id.  Dismissing a cause of action for lack of jurisdiction
is proper only when it is impossible for the plaintiff’s petition to confer
jurisdiction on the trial court.  Harris Cnty. v. Cypress Forest Pub. Util.
Dist., 50 S.W.3d 551, 553 (Tex. App.–Houston [14th Dist.] 2001, no
pet.).  In deciding whether to grant a plea to the jurisdiction, the trial
court must look solely to the allegations in the petition.  Texas Ass’n
of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Liberty
Mut. Ins. Co. v. Sharp, 874 S.W.2d 736, 739 (Tex. App.–Austin 1994,
writ denied).  We must determine if the pleader has alleged facts that
affirmatively demonstrate the court's jurisdiction to hear the cause. Tex.
Ass'n of Bus., 852 S.W.2d at 446.  We construe the pleadings liberally
in favor of the plaintiff and look to the pleader's intent.  Id.


In
Texas, sovereign immunity deprives a trial court of subject matter jurisdiction
for lawsuits in which the state or certain governmental units have been sued
unless the state consents to suit.  Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 224 (Tex. 2004). Sovereign immunity includes
two distinct principles: immunity from suit, and immunity from liability.  Id.
 Immunity from suit bars a suit against the state unless immunity is waived by
constitutional provision or legislative enactment.  Gomez v. Housing
Auth. of the City of El Paso, 148 S.W.3d 471, 477 (Tex. App.–El Paso
2004, pet. denied) (citing Wichita Falls State Hosp. v. Taylor,
106 S.W.3d 692, 695 (Tex. 2003)).  Absent consent, the state retains immunity
from suit even if its liability is undisputed.  Federal Sign v. Tex. S.
Univ., 951 S.W.2d 401, 459 (Tex. 1997), superseded on other grounds
by Tex. Gov’t Code §§
2260.001-.008. According to Section 231.109 of the Texas Family Code, an
attorney employed to provide Title IV-D services represents the interests of
the state and not the interest of any other party.  Tex. Fam. Code Ann. § 231.109(d) (West 2008).  The Office of
the Attorney General is designated as the state's Title IV-D agency.  See
Tex. Fam. Code Ann. § 231.001
(West 2008). 

Analysis

In
its plea to the jurisdiction, the CSE asserted four grounds for its contention that
the trial court was without subject matter jurisdiction of Yakov’s suit against
it. One ground was that Yakov failed to demonstrate a maintainable action for
injunctive relief, and failed to prove a probable right to recovery to obtain
injunctive relief. Another ground was that a court other than the trial court had
continuing exclusive jurisdiction over the child support matters in the case.  Because
Yakov’s claims against the CSE were dismissed for want of jurisdiction, he must,
on appeal, attack all independent grounds that could, if meritorious, support
the adverse trial ruling.  See Fox v. Maguire, 224 S.W.3d
304, 307 (Tex. App.–El Paso 2005, pet. denied).  Unless he does so, we must
affirm the order granting the plea to the jurisdiction.  See id. 
Here, Yakov failed to challenge the grounds identified above that were alleged
by the CSE in its plea to the jurisdiction.  Therefore, the trial court did not
err in granting the CSE’s plea to the jurisdiction and dismissing Yakov’s
claims against the CSE.

But
even if we assume that the grounds Yakov addressed in his response were the
only grounds alleged by the CSE in its plea to the jurisdiction, the result
would not change.  In addition to the above allegations, the CSE asserted that
it has sovereign immunity from suit, that Yakov failed to allege a valid waiver
of immunity, and that the Tort Claims Act’s waiver of immunity does not apply
to intentional torts such as fraud.  The CSE also asserted that Yakov did not
allege any specific cause of action that would encompass “unlawful threats,”
contending that such actions appear to be intentional torts and also subject to
sovereign immunity.  Further, the CSE stated that Yakov did not allege any
statute with which it failed to comply or facts that would comprise a cause of
action.  Yakov has not shown that any of these grounds lack merit.

First,
we note that, by its terms, the Texas Tort Claims Act grants a limited waiver
of immunity for wrongful acts, omissions, or negligence of an employee acting
within the scope of his employment if property damage, personal injury, or
death arises from the operation or use of a motor-driven vehicle or
motor-driven equipment.  See Tex.
Civ. Prac. & Rem. Code Ann. § 101.021(1)(A) (West 2011).  Yakov
did not make any claim for damages caused by an employee of the CSE for
property damage, personal injury, or death arising from the operation or use of
a motor vehicle.  Further, the Act does not apply to a claim arising out of an
intentional tort, such as fraud or “unlawful threats.”  See Tex. Civ. Prac. & Rem. Code Ann. §
101.057 (West 2011). 

            However,
Yakov asserted that Chapter 12 of the Texas Civil Practice and Remedies Code
provided a cause of action for fraud committed by the CSE. Chapter 12 forbids
the fraudulent use of a document or other record to evidence a lien or claim
against real or personal property with the intent to cause another to suffer
physical injury, financial injury, mental anguish, or emotional distress.  See
Tex. Civ. Prac. & Rem. Code Ann. §
12.002(a) (West Supp. 2010). This chapter does not address sovereign immunity
or allow a suit against a state agency.  See Tex. Civ. Prac. & Rem. Code Ann. § 12.003(a) (West Supp.
2010); Tex. Civ. Prac. & Rem. Code
Ann. § 12.001-.007 (West 2002 & Supp. 2010).  Consequently, we
conclude that the CSE’s sovereign immunity from a suit for fraud or any other
intentional tort has not been waived under the Texas Tort Claims Act or Chapter
12.

            Further,
Yakov asserts that Chapters 104 and 105 of the Texas Civil Practice and
Remedies Code created a cause of action against the CSE, specifically for
failure to perform its duties under state statute as an officer of the court.  Chapter
104 provides that the state shall indemnify an employee or any other officer of
a state agency, institution, or department for actual damages, court costs, and
attorney’s fees adjudged against them.  See Tex. Civ. Prac. & Rem. Code Ann. § 104.001(1) (West
2011).  However, Chapter 104 does not provide a waiver of sovereign immunity or
create a cause of action against the CSE.  See Tex. Civ. Prac. & Rem. Code Ann. § 104.008 (West 2011)
(stating that this “chapter does not waive a defense, immunity, or
jurisdictional bar available to the state or its officers, employees, or
contractors”); Perry v. Tex. A & I Univ., 737 S.W.2d 106, 108
(Tex. App.–Corpus Christi 1987, writ ref’d n.r.e.). 

            Chapter
105 of the Texas Civil Practice and Remedies Code provides that a party to a
suit by or against a state agency in which the state agency asserts a cause of
action against the party is entitled to recover fees, expenses, and attorney’s
fees if the court finds that the action is frivolous, unreasonable, or without
foundation, and the action is dismissed or judgment is awarded to the party.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 105.002 (West 2011).  The requisite cause of action by the state
agency may have been asserted either originally or as a counterclaim or cross
claim.  See id.; In re B.N.A., 278 S.W.3d 530, 535
(Tex. App.–Dallas 2009, no pet.).  In this suit, Yakov did not allege that the
CSE asserted a cause of action against him.  Nor has a court found that the CSE
asserted a cause of action against Yakov that was frivolous, unreasonable, or
without foundation, and dismissed an action or awarded judgment to Yakov.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 105.002.  Consequently, Chapter 105 does not provide Yakov with a cause of
action against the CSE.

Yakov
also contends here that the CSE lacks “constitutional legitimacy.”  He asserts
that because Article I, Section 32(b) of the Texas Constitution prohibits the
state from “creat[ing] or recogniz[ing] any legal status identical or similar
to marriage,” the state and its political subdivisions are prohibited from
recognizing marriages.  See Tex.
Const. art. I, § 32(b). Thus, according to Yakov, the state and its
political subdivisions lack jurisdiction to act on petitions for divorce or
order child support.  Yakov never complained to the trial court by a request,
objection, or motion regarding this issue and, thus, has waived it on appeal.  See
Tex. R. App. P. 33.1(a)(1).

Yakov’s
first issue is overruled.

 

Claims against Judge Rogers and Smith County

            In
his second issue, Yakov contends that the trial court erred by granting Judge
Rogers and Smith County’s motion for summary judgment. 

Standard
of Review

We
review the trial court’s decision to grant summary judgment de novo.  Tex.
Mun. Power Agency v. Pub. Util. Comm’n, 253 S.W.3d 184, 192 (Tex.
2007).  In reviewing a traditional motion for summary judgment,[3]
we apply the standards established in Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548-49 (Tex. 1985), which are (1) the movant for
summary judgment has the burden of showing that there is no genuine issue of
material fact and that it is entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the nonmovant will be taken as true; and (3) every
reasonable inference must be indulged in favor of the nonmovant and any doubts
resolved in its favor.  See id. at 548-49.  For a party to
prevail on a motion for summary judgment, he must conclusively establish the
absence of any genuine question of material fact and that he is entitled to
judgment as a matter of law.  Tex. R.
Civ. P. 166a(c).  A defendant who moves for summary judgment must either
negate at least one essential element of the nonmovant's cause of action, or
prove all essential elements of an affirmative defense.  See Randall's
Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.1995); see
also MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).  Since the
burden of proof is on the movant, and all doubts about the existence of a
genuine issue of material fact are resolved against the movant, we must view
the evidence and its reasonable inferences in the light most favorable to the
nonmovant.  See Great Am. Reserve Ins. Co. v. San Antonio Plumbing
Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).  We are not required to
ascertain the credibility of affiants or to determine the weight of evidence in
the affidavits, depositions, exhibits, and other summary judgment proof.  See
Gulbenkian v. Penn, 252 S.W.2d 929, 932 (Tex. 1952).  The only
question is whether or not an issue of material fact is presented.  See Tex. R. Civ. P. 166a(c).

Once
the movant has established a right to summary judgment, the nonmovant has the
burden to respond to the motion for summary judgment and present to the trial
court any issues that would preclude summary judgment.  See, e.g., City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex.
1979).  All theories in support of or in opposition to a motion for summary
judgment must be presented in writing to the trial court.  See Tex. R. Civ. P. 166a(c). 

Applicable
Law

In
courts of law, a claimant generally cannot pursue one remedy to an unfavorable
conclusion and then pursue the same remedy in another proceeding before the
same or a different tribunal.  Igal v. Brightstar Info. Tech. Group, Inc.,
250 S.W.3d 78, 86 (Tex. 2008).  Res judicata bars the relitigation of claims
that have been finally adjudicated or that could have been litigated in the
prior action.  Id.; see Barr v. Resolution Trust Corp.,
837 S.W.2d 627, 628 (Tex. 1992).  Thus, a party may not pursue a claim
determined by the final judgment of a court of competent jurisdiction in a
prior suit as a ground of recovery in a later suit against the same parties.  Igal,
250 S.W.3d at 86; Tex. Water Rights Comm'n v. Crow Iron Works,
582 S.W.2d 768, 771-72 (Tex.1979).  

Where,
as here, the first suit was decided in federal court, federal law controls the
determination of whether res judicata will bar a later state court proceeding. See
Eagle Props., Ltd. v. Scharbauer, 807 S.W.2d 714, 718 (Tex. 1990); Jeanes
v. Henderson, 688 SW.2d 100, 103 (Tex. 1985). Res judicata bars the
litigation of claims that either have been litigated or should have been raised
in an earlier suit. In re Southmark Corp.,163 F.3d 925, 934 (5th
Cir. 1999). Under federal law, the doctrine of res judicata will apply if (1)
the parties are identical in both suits; (2) the prior judgment is rendered by
a court of competent jurisdiction; (3) there is a final judgment on the merits;
and (4) the same cause of action is involved in both cases. Eagle Props.,
Ltd., 807 S.W.2d at 718.  In determining whether the actions involved
the same claim or the same cause of action, the Fifth Circuit has adopted the
transactional test of the Restatement (Second) of Judgments, Section 24. Southmark
Props. v. Charles House Corp., 742 F.2d 862, 870-71 (5th Cir. 1984). Under
the transactional test, a prior judgment's preclusive effect extends to all
rights of the plaintiff with respect to all or any part of the transaction, or
series of connected transactions, out of which the original action arose. Test
Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005),
cert. denied, 547 U.S. 1055, 126 S.Ct. 1662, 164 L.Ed.2d 397 (2006). Thus,
the fourth element is met if the two actions are based on “the same nucleus of
operative facts.” In re Baudoin, 981 F.2d 736, 743 (5th Cir.
1993) (quoting In re Howe, 913 F.2d 1138, 1144 (5th Cir. 1990)). 

If
a movant seeking summary judgment conclusively establishes that the action is barred
by res judicata, the nonmovant must then adduce summary judgment proof raising
a fact issue in avoidance of that affirmative defense.  See Motient
Corp. v. Dondero, 269 S.W.3d 78, 82 (Tex. App.–Dallas 2008, no pet.); see
also KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999).

Analysis

            Although
Judge Rogers and Smith County filed a joint motion for summary judgment, we
will review the motion separately for each defendant.

Judge
Rogers

In
his motion for summary judgment, Judge Rogers asserted that Yakov’s claims were
barred by the affirmative defense of res judicata.  As summary judgment proof,
Judge Rogers attached a copy of Yakov’s federal complaint filed on March 22,
2007, in the District Court for the Eastern District of Texas, Tyler Division,
against Ruth; Ruth’s mother, Elabell Holmes; Ruth’s attorney, Karen G. Hughes;
Yakov’s attorney, Mitchell Collins; Judge Rogers; the State of Texas; and
Bullard Independent School District.[4] Judge Rogers also attached a
copy of a final judgment entered on January 22, 2008, in the United States
District Court. The district court adopted the report and recommendation of the
magistrate judge, and ordered that Judge Rogers’ motion to dismiss be granted.[5]
  Further, he attached a copy of the United States Court of Appeals for
the Fifth Circuit’s per curiam opinion affirming the district court’s judgment.[6]


            First,
Judge Rogers showed that Yakov filed suit against him in the previous federal
suit and this state court action. Thus, the parties in both suits are
identical. Second, in the federal suit, the magistrate characterized Yakov’s
claims against Judge Rogers as being alleged civil rights violations and
conspiracies.[7]
See 42 U.S.C. § 1983 (2011).[8]
Thus, the federal district court was a court of competent jurisdiction over all
of the claims raised in Yakov’s federal suit against Judge Rogers. See 28
U.S.C. § 1331 (2011) (“The district courts shall have original jurisdiction of
all civil actions arising under the Constitution, laws, or treaties of the
United States”). Third, the federal district court’s order of dismissal constitutes
a final judgment on the merits. Under federal law, a dismissal under Federal
Rule of Civil Procedure 12(b)(6) for failure to state a claim is considered a
judgment on the merits to which res judicata applies. See Federated Dept.
Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3, 101 S.Ct. 2424, 2428, 69
L.Ed.2d 103 (1981). Here, the district court ordered that Yakov’s claims
against Judge Rogers be dismissed pursuant to the magistrate’s recommendation
that Judge Rogers’s Rule 12(b)(6) motion to dismiss be granted. 

            Finally,
both suits were based on the same facts and involve the same cause of action,
i.e., complaints about Judge Rogers’s actions in Yakov and Ruth’s divorce
proceeding. According to the federal complaint, Yakov alleged that Judge Rogers
committed acts that violated his civil rights, including denying him a jury
trial, denying him the right to timely discovery, ordering visitations with his
minor child in an environment contrary to his religious beliefs and practices,
ordering child support and medical insurance that constituted “cruel and
unusual punishment,” and issuing a capias and writ of commitment that
identified him as “White/Jewish.”  Yakov raised these same issues in his suit
in state court. The only claims raised in Yakov’s present suit that were not
raised and disposed of in his federal complaint were that Judge Rogers refused
to release his passport, sent him to jail to prevent him from appealing his
case, and falsified facts in the divorce decree. These claims, and those claims
raised in the federal complaint, are based on the same “nucleus of operative
facts,” i.e., Judge Rogers’s actions in Yakov and Ruth’s divorce proceeding. See
In re Baudoin, 981 F.2d at 743. 

Thus,
Judge Rogers established, as a matter of law, that Yakov’s claims against him are
barred by res judicata.  To avoid summary judgment, Yakov must adduce proof
raising a fact issue in avoidance of that affirmative defense. See Motient
Corp., 269 S.W.3d at 82.  Yakov did not file a response to Judge
Roger’s motion for summary judgment. Consequently, he did not adduce summary
judgment proof raising a fact issue in avoidance of res judicata.

Smith
County

In
its motion for summary judgment, Smith County asserted that Yakov failed to
plead facts that demonstrated a valid waiver of sovereign immunity.[9]
In his suit against Smith County, Yakov was required to allege facts that
affirmatively demonstrated a valid waiver of sovereign immunity.  See Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). Yakov’s
petition did not allege any facts or causes of action against Smith County, but
includes a request that “Smith County Courts” be enjoined from discriminating
against him.  This request for injunctive relief does not include any factual
allegations to demonstrate a waiver of sovereign immunity by Smith County. 
Thus, Smith County showed that Yakov failed to allege facts that demonstrated a
valid waiver of sovereign immunity. Because Smith County established a right to
summary judgment, Yakov was required to respond and present to the trial court
any issues that would preclude summary judgment.  See, e.g., City
of Houston, 589 S.W.2d at 678-79. He failed to do so. 

Finally,
on appeal, Yakov also contends that Judge Rogers and Smith County lack
“constitutional authority.”  He asserts that because Article I, Section 32(b)
of the Texas Constitution prohibits the state from “creat[ing] or recogniz[ing]
any legal status identical or similar to marriage,” the state and its political
subdivisions are prohibited from recognizing marriages.  See Tex. Const. art. I, § 32(b).  Thus,
according to Yakov, the state and its political subdivisions lack jurisdiction to
act on petitions for divorce.  Yakov never complained to the trial court by a
request, objection, or motion regarding this issue and, thus, has waived it on
appeal.  See Tex. R. App. P. 33.1(a)(1).

Conclusion

Judge
Rogers established, as a matter of law, that Yakov’s claims against him were
barred by res judicata.  Further, Smith County established, as a matter of law,
that Yakov failed to allege a valid waiver of sovereign immunity against it.  Therefore,
Judge Rogers and Smith County were entitled to summary judgment as a matter of
law, and the trial court did not err in granting their motion for summary
judgment.  Accordingly, we overrule Yakov’s second issue.

 

Claims against Ruth Elmakiss

            In
his third issue, Yakov argues that the trial court erred in granting Ruth’s
traditional and no evidence motions for summary judgment. 

Standard
of Review

When
a party moves for both a no evidence and a traditional summary judgment, we
first review the trial court’s summary judgment under the no evidence standard
of Rule 166a(i).  Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600
(Tex. 2004).  If the no evidence summary judgment was properly granted, we do
not reach arguments under the traditional motion for summary judgment.  See id. 
Because the grant of a summary judgment is a question of law, we review the
trial court's summary judgment decision de novo.  Valence Operating Co.
v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  A no evidence motion for
summary judgment must be granted if, after an adequate time for discovery, (1)
the moving party asserts that there is no evidence of one or more essential
elements of a claim or defense on which the adverse party would have the burden
of proof at trial, and (2) the respondent produces no summary judgment evidence
raising a genuine issue of material fact on those elements.  See Tex. R. Civ. P. 166a(i); Priddy
v. Rawson, 282 S.W.3d 588, 593 (Tex. App.–Houston [14th Dist.] 2009,
pet. denied).  

A
no evidence motion is properly granted if the nonmovant fails to bring forth
more than a scintilla of probative evidence to raise a genuine issue of
material fact as to an essential element of the nonmovant’s claim on which the
nonmovant would have the burden of proof at trial.  See King Ranch, Inc.
v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).  If the evidence
supporting a finding rises to a level that would enable reasonable and fair
minded people to differ in their conclusions, then more than a scintilla of
evidence exists.  Id.  Less than a scintilla of evidence exists
when the evidence is so weak as to do no more than create a mere surmise or
suspicion of a fact, and the legal effect is that there is no evidence.  See
id.

Applicable
Law

Section
110.003(a) provides that “a government agency may not substantially burden a
person’s free exercise of religion.” Tex.
Civ. Prac. & Rem. Code Ann. § 110.003(a) (West 2011). However, a
“person may not bring an action for damages or declaratory or injunctive relief
against an individual, other than an action brought against an individual
acting in the individual’s official capacity as an officer of a government
agency.” Tex. Civ. Prac. & Rem. Code
Ann. § 110.005(d) (West 2011).

“Pleadings
may contain judicial admissions through which a party pleads himself out of
court.” Denson v. Tex. Dep't Crim. Justice-Institutional Div.,
No. 12-02-00099-CV, 2003 WL 21254862, at *3 (Tex. App.—Tyler May 30, 2003, no
pet.) (mem. op.) (citing Gerstacker v. Blum Consulting Eng’rs, Inc.,
884 S.W.2d 845, 850 (Tex. App.–Dallas 1994, writ denied). Summary judgment is
proper when the plaintiff pleads facts that affirmatively negate his cause of
action. Id.

Analysis

In
her no evidence motion for summary judgment, Ruth asserted the affirmative
defense of res judicata as a bar to Yakov’s claims. A defendant has the burden
to plead and prove all elements of an affirmative defense. Commint
Technical Servs., Inc. v. Quickel, 314 S.W.3d 646, 651 (Tex.
App.—Houston [14th Dist.] 2010, no pet.). The party with the
burden of proof may never properly file a no evidence motion for summary
judgment on an affirmative defense. See Judge David Hittner & Lynne
Liberato, Summary Judgments in Texas, 47 S. Tex. L. Rev. 409, 415 (Spring 2006). Because Ruth had the
burden of proof regarding res judicata, her no evidence motion for summary
judgment was improper, and the trial court erred in granting it.

            However,
Ruth also filed a traditional motion for summary judgment, alleging that she
was entitled to summary judgment as a matter of law. As summary judgment proof,
Ruth attached a copy of the report and recommendation of the United States
Magistrate Judge entered on August 17, 2007.[10]  She also attached a copy of an
order entered on September 12, 2007, in the United States District Court, adopting
the report of the magistrate judge and ordering that Ruth’s motion to dismiss
be granted.[11]


            First,
Ruth asserted the affirmative defense of res judicata as a bar to Yakov’s
property claims. Here, Ruth showed that Yakov filed suit against her in the
previous federal suit and this state court action. Thus, the parties in both
suits are identical. Next, in the federal suit, the magistrate characterized
Yakov’s federal claims against Ruth as being alleged civil rights violations
and conspiracies. See 42 U.S.C. § 1983. Thus, the federal district court
was a court of competent jurisdiction over all of the claims raised in Yakov’s
federal suit against Ruth. See 28 U.S.C. § 1331. Further, the federal
district court’s order of dismissal constitutes a final judgment on the merits
because Ruth’s claims were dismissed pursuant to the magistrate’s
recommendation that her Rule 12(b)(6) motion to dismiss be granted. See Federated
Dept. Stores, Inc., 452 U.S. at 399 n.3, 101 S.Ct. at 2428.

            Finally,
both suits were based on the same facts and involve the same cause of action,
i.e., Yakov and Ruth’s divorce. According to the federal complaint, Yakov
alleged that Ruth committed acts that violated his civil rights, including
denying him the right to timely discovery, ordering visitations with his minor
child in an environment contrary to his religious beliefs and practices,
ordering child support and medical insurance that constituted “cruel and
unusual punishment,” and issuing a capias and writ of commitment that
identified him as “White/Jewish.”  As to these issues, the federal and state
suits involve the same causes of action. The only claims raised in Yakov’s
present suit that were not raised and disposed of in his federal complaint were
allegations that Ruth helped send him to jail to prevent him from appealing his
case, falsified facts in the divorce decree, caused him a loss of property and
marital assets, and prevented him from removing personal property from the
marital home before it was sold.  These claims, like those claims raised in the
federal complaint, are based on the same “nucleus of operative facts” arising
out of Yakov’s divorce. See In re Baudoin, 981 F.2d at
743. Therefore, Ruth established, as a matter of law, that these claims are
barred by res judicata.  

To
avoid summary judgment, Yakov must adduce proof raising a fact issue in
avoidance of that affirmative defense. See Motient Corp., 269
S.W.3d at 82.  Yakov did not file a response to Ruth’s motion for summary
judgment. Consequently, he did not adduce summary judgment proof raising a fact
issue in avoidance of res judicata. 

Second,
in her motion for summary judgment, Ruth asserted that she is not subject to
liability under Section 110.003 of the Texas Civil Practice and Remedies Code.
In his complaint, Yakov alleged that Ruth forced him to conduct visitation with
his minor child in a place and time contrary to his religious beliefs and
practices in violation of Section 110.003. We note that Yakov alleged in his
pleadings that Ruth was “an individual.” Because the statute proscribes an
action for damages against an individual, other than an action brought against
an individual acting in the individual’s official capacity as an officer of a
governmental agency, his pleadings affirmatively negated a cause of action
under Section 110.003. See Tex.
Civ. Prac. & Rem. Code Ann. § 110.005(d); see also Denson,
2003 WL 21254862, at *3 (summary judgment proper where plaintiff pleads facts
that affirmatively negate cause of action).

Therefore,
Ruth was entitled to summary judgment as a matter of law, and the trial court
did not err in granting her motion for summary judgment. Accordingly, Yakov’s
third issue is overruled.

 

Disposition

Having
overruled Yakov’s three issues in this appeal, the judgment of the trial court
is affirmed.

 

                                                                                                Brian Hoyle

                                                                                                       
Justice

Opinion delivered August 24, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)









[1] See Elmakiss v. Elmakiss, No. 12-06-00405-CV, 2008 WL
2358221, at *14 (Tex. App.–Tyler June 11, 2008, no pet.) (mem. op). 

 





[2] We affirmed the order granting
Hughes’s motion for summary judgment. See Elmakiss v. Hughes, No.
12-09-00269-CV, 2010 WL 2982922, at *5 (Tex. App.–Tyler July 30, 2010, pet.
denied) (mem. op.).





[3] See Tex. R. Civ. P. 166a(c).





[4] See General Civil Rights Complaint, Yakov
Elmakiss v. Ruth Marie Elmakiss, Civil Action No. 6:07-CV-136 (E.D.
Tex. March 22, 2007).

 





[5] See Final Judgment, Yakov Elmakiss
v. Ruth Marie Elmakiss, Civil Action No. 6:07-CV-136 (E.D. Tex. January
22, 2008).

 





[6] See Elmakiss v. Elmakiss, 289 F. App’x 827, 827 (5th Cir.
2008).

 





[7] See Report and
Recommendation of United States Magistrate Judge, Yakov Elmakiss v. Ruth
Marie Elmakiss, Civil Action No. 6:07-CV-136 (E.D. Tex. August 17,
2007).

 





[8]
“Every person who, under
color of any statute, ordinance, regulation, custom, or usage, of any State or
Territory or the District of Columbia, subjects, or causes to be subjected, any
citizen of the United States or other person within the jurisdiction thereof to
the deprivation of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured in an action at
law, suit in equity, or other proper proceeding for redress, except that in any
action brought against a judicial officer for an act or omission taken in such
officer's judicial capacity, injunctive relief shall not be granted unless a
declaratory decree was violated or declaratory relief was unavailable.” 42
U.S.C. § 1983 (2011).





[9] Although the concepts of
sovereign and governmental immunity are distinct, the Texas Supreme Court has
recognized that courts often use these terms interchangeably. See Wichita
Falls State Hosp., 106 S.W.3d at 694 n.3.  We, too, will refer to both
as sovereign immunity.





[10] See Report and
Recommendation of United States Magistrate Judge, Yakov Elmakiss v. Ruth
Marie Elmakiss, Civil Action No. 6:07-CV-136 (E.D. Tex. August 17,
2007).

 





[11] See Order Adopting Report and
Recommendation of United States Magistrate Judge, Yakov Elmakiss v. Ruth
Marie Elmakiss, Civil Action No. 6:07-CV-136 (E.D. Tex. September 12,
2007).