**Affirmed and Opinion filed March 16, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00274-CV

## IN THE INTEREST OF E.M., A CHILD

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 43370**

## OPINION

The Office of the Attorney General (OAG) appeals the denial of its plea to the jurisdiction. In two issues it contends that (1) sovereign immunity bars the trial court from imposing sanctions under its inherent authority; and (2) the trial court violates the separation of powers doctrine when it sanctions the OAG when the OAG is acting solely in its administrative authority. We affirm the order of the trial court denying the OAG's plea to the jurisdiction.

## BACKGROUND

In 2018, the trial court ordered Mother to pay $534.00 per month in child support. In February 2020, Mother filed a Petition to modify the parent child relationship. Father filed an answer, and the OAG filed a notice of non-appearance. Soon thereafter, the trial court entered temporary orders that terminated Mother's child support obligation as of February 19, 2020. The temporary orders also established a child support obligation for Father.

After the trial court terminated Mother's child support obligation, Mother alleges that the OAG continued to submit writs of withholding to her employer. Mother alleges that the OAG "continued to withhold $5,597.74 from [Mother's] paychecks and denied her child support from [Father]." Mother filed a "Motion to Compel Termination of Wage Withholding Order and Motion for Sanctions" (Motion) asserting that the trial court should compel the OAG to withdraw the wage withholding order as to Mother and assess sanctions against the OAG for its failures to withdraw the wage withholding order in violation to the trial court's temporary orders. In response to Mother's Motion, the OAG filed an answer. The OAG asserted a plea to the jurisdiction alleging that the trial court did not have jurisdiction to order or award sanctions against the OAG based on sovereign immunity and the separation of powers doctrine.[1]

After conducting a hearing, the trial court denied the OAG's plea to the jurisdiction but did not award sanctions. Instead, the trial court reserved the question of whether it would award sanctions for a later hearing. The OAG filed a notice of interlocutory appeal on the denial of its plea to the jurisdiction.

---

[1] The OAG asserted other immunity defenses, but those are not raised on appeal.

2

## PLEA TO THE JURISDICTION

The OAG argues that the trial court lacks jurisdiction to impose any sanctions under its inherent authority because of the doctrine of sovereign immunity. The OAG next contends that if the trial court were to impose sanctions that such an order would violate the separation of powers doctrine.

### A. General Legal Principles

In reviewing a plea to the jurisdiction, a court does not weigh the merits of the claims but only considers the pleadings and evidence relevant to the jurisdictional inquiry. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). We construe the pleadings in favor of the plaintiff and look to the intent of the pleader. *Id*. If the pleadings affirmatively negate jurisdiction, then the case should be dismissed. *Id*.

Under the common law doctrine of sovereign immunity, the state cannot be sued without its consent. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). Sovereign immunity refers to the state's immunity from both suit and liability and protects the state and its divisions. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). "An action to determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars." *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 404 (Tex. 1997). "[W]e distinguish suits to determine a party's rights against the State from suits seeking damages." *Id*.; *see also In re A.C.B.*, 103 S.W.3d 570, 574 (Tex. App.—San Antonio 2003, no pet.) (concluding trial court had jurisdiction over dispute regarding writ of withholding because "[Father] filed his motion for declaratory judgment within thirty days after meeting with the [OAG]. Accordingly, we hold the [father] substantially complied with section 158.506").

3

**B.  Analysis**

The substance of the Motion is a request that the trial court determine the rights and obligations of the parties—specifically, of Mother's child support obligation and arrearages, an order from the trial court that Mother be reimbursed, an accounting of the child support paid to the OAG, and for the OAG to cease all wage withholding from Mother.  This is akin to a suit against the government for a determination of rights and is not barred by sovereign immunity.  *See Fed. Sign*, 951 S.W.2d at 404; *In re A.C.B.*, 103 S.W.3d at 574; *see also* Tex. Fam. Code § 158.506(c).

Included in the Motion is a request for sanctions based on the OAG's conduct pursuant to the trial court's inherent power.  Mother asserts that the OAG should be sanctioned for its alleged failure to comply with the trial court's order terminating Mother's child support obligation despite her multiple requests and the "improper garnishment of child support despite receipt of proper notice."  Mother alleges that the OAG "ignored" all requests and continued to unlawfully garnish Mother's wages.  Mother alleges this is an "abuse of process and demonstrates bad faith."

In its plea to the jurisdiction, the OAG argues that the trial court has inherent authority to sanction bad faith conduct resulting from the impeding of the *judicial process* itself.  *See Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 718 (Tex. 2020).  The OAG argues that its actions in the administrative writ of withholding process are not part of the *judicial process* citing to *In re B.N.A.*, 278 S.W.3d 530, 535 (Tex. App.—Dallas 2009, no pet.).  However, the *In re B.N.A.* court concluded that an errant administrative writ of withholding was not asserting a cause of action or counterclaim under section 105.002 of the Civil Practice and Remedies Code.  *Id.*  "The only items complained of in Father's motion (issuance

of the administrative writ and violation of the injunction) do not constitute the assertion of a cause of action by an agency." *Id.* Therefore, the trial court concluded that an award under section 105.002 was improper because the OAG had not asserted a cause of action. *Id.* The opinion did not address sovereign immunity or whether it would have been appropriate to otherwise sanction the conduct at issue. It is further clear that "an award of attorney's fees under [section 105.002] requires more than a finding that particular incidents of an agency's conduct are frivolous, unreasonable, or without foundation." *Black v. Dallas Cnty. Child Welfare Unit*, 835 S.W.2d 626, 629–30 (Tex. 1992).

Here, appellee did not seek or request sanctions under section 105.002 and instead requested sanctions under the trial court's inherent authority. "It is well established that when the State enters the courts as a litigant, it must observe and will be bound by the same evidentiary and procedural rules that apply to all litigants." *Att'y Gen. of Tex. ex rel. State v. Cartwright*, 874 S.W.2d 210, 219 (Tex. App.—Houston [14th Dist.] 1994, writ denied); *see also Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 301 (Tex. 1976) ("[T]he State is not exempt from these rules of procedure but is subject to them as any other litigant."); *In re A.C.B.*, 103 S.W.3d 570, 574 (Tex. App.—San Antonio 2003, no pet.) (request for declaratory judgment against the OAG for alleged wrongful issuance of writ of withholding and sanctions did not implicate sovereign immunity); *Office of Att'y Gen. v. Phillips*, No. 14-03-01040-CV, 2004 WL 2559934, *1 (Tex. App.—Houston [14th Dist.] Nov. 12, 2004, no pet.) (mem. op.) ("We are unpersuaded . . . and decline to hold in this case that sovereign immunity applies to deprive the trial court of jurisdiction to assess attorney's fees against it.").

We are unpersuaded by the OAG's general arguments that the trial court's inherent authority is "limited" and therefore the trial court lacks jurisdiction. *See*

*In re Tex. Dep't. of Fam. & Protective Servs.*, 415 S.W.3d 522, 529–30 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (concluding inherent authority limited by plenary power doctrine but not discussing court's inherent authority to sanction under principles of sovereign immunity). The OAG does not dispute that it may be sanctioned under Rule 13 of the Rules of Civil Procedure but argues that an "express rule of civil procedure" should be treated differently. However, the OAG has given no argument as to why such a distinction should be made between an "express rule" and the trial court's inherent authority. Instead, the OAG asserts that an award of attorney's fees in this case could not be rendered under section 105.002 of the Civil Practice and Remedies Code, nor under Rule 215.2 of the Rules of Civil Procedure. However, the OAG acknowledges the trial court's authority and jurisdiction to render such an award in those cases. The OAG does not indicate why or how the trial court's inherent authority should be afforded different treatment and we decline to apply such different treatment under the facts as presented herein. *See Lowe*, 540 S.W.2d at 301 *Cartwright*, 874 S.W.2d at 219.

"Courts possess inherent powers that aid the exercise of their jurisdiction, facilitate the administration of justice, and preserve the independence and integrity of the judicial system." *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 718 (Tex. 2020). Thus, we disagree with the OAG that the trial court lacks jurisdiction to render sanctions under its inherent authority or that sovereign immunity is implicated herein. *See Lowe*, 540 S.W.2d at 301; *In re A.C.B.*, 103 S.W.3d at 574. We do not comment on whether such sanctions, would be appropriate in this case. The trial court has not rendered any opinion on whether it will or will not award sanctions and the record has not been developed with the presentation of evidence. We merely conclude that in this case, the trial court's jurisdiction is not implicated by a request for sanctions under its inherent authority.

6

We overrule the OAG's first issue.

## SEPARATION OF POWERS DOCTRINE

The OAG next contends that any award of sanctions in this case would necessarily conflict with the separation of powers doctrine because it "seeks to manage the solely administrative actions of the OAG, an executive branch agency." *See Tex. Dep't of Transp. v. T. Brown Constructors, Inc.*, 947 S.W.2d 655, 659 (Tex. App.—Austin 1997, pet. denied). The OAG concludes that "the trial court violated the separate [sic] of powers doctrine when it held that it could sanction the OAG under these facts."[2]

"In the context of judicial review of administrative decisions, the separation-of-powers doctrine ensures that discretionary functions delegated to administrative agencies by the legislature are not usurped by the judicial branch." *Id.* "Although courts have the authority to hold that an agency erred and must correct its error, courts cannot dictate how to correct the error if, by doing so, the court effectively usurps the authority and discretion delegated to the agency by the legislature." *Id.* However, "[i]t is well settled that trial courts may review an administrative action only if a statute provides a right to judicial review or the action adversely affects a vested property right or otherwise violates a constitutional right." *In re Office of Att'y Gen.*, 456 S.W.3d 153, 157 (Tex. 2015); *see also* Tex. Fam. Code §158.506(c) ("[T]he obligor may file a motion with the court to withdraw the administrative writ of withholding and request a hearing . . . .").

The OAG argues that through sanctions the trial court "seeks to manage the solely administrative actions of the OAG." However, the OAG admits that the trial

---

[2] The order denying the Plea to the Jurisdiction states that "the Court has jurisdiction to consider imposing sanctions against the OAG for alleged acts of bad faith in only its conduct of the litigation. Therefore, the plea to the jurisdiction is denied. . . . This finding is not a comment on the merits of the request for sanctions."

court has not yet ordered sanctions. The question presented by the OAG is, therefore, whether *if* the trial court rendered sanctions under those facts pleaded, it *would* violate the separation of powers doctrine. However, since no such sanctions have been awarded and the record has not been fully developed, the mere consideration of the evidence and facts does not implicate a separation of powers concern. Any award of sanctions is still contingent and uncertain. As a result, this question is not ripe for our review. *See Perry v. Del Rio*, 66 S.W.3d 239, 249–50 (Tex. 2001) ("Ripeness is one of several categories of justiciability. . . . 'Ripeness doctrine is invoked to determine whether a dispute has yet matured to a point that warrants decision. The central concern is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting 13 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3529, at 278–79 (2d ed. 1984))).

We overrule the OAG's second issue.

## CONCLUSION

Concluding that a request for sanctions under the facts herein does not implicate sovereign immunity and the separation of powers issue is not ripe for our review because the trial court has not awarded any sanctions, we affirm the trial court's order denying the OAG's plea to the jurisdiction.

/s/　　Ken Wise
　　　　Justice

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.

8